# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No: 4:18-CR-00033 |
| ) | |
| ) | |
| CARL RAY KENNEDY ) | |

## JOINT DISCOVERY AND INSPECTION ORDER

**THIS DAY** came the United States of America, by its Attorney, and the Defendant, by counsel, and moved the Court for entry of an Order governing the provisions of discovery by the respective parties in this case, pursuant to Rules 16 and 12.1, 12.2, 12.3 and 6(e) of the Federal Rules of Criminal Procedure. Whereupon, the Attorney for the United States and counsel for the Defendant moved the Court to approve and order the following schedule of discovery and inspection in this case, which said Motion the Court granted; it is therefore

**ADJUDGED** and **ORDERED** that the United States of America permit the defendant to inspect, copy and/or photograph:

(1) any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; the substance of any oral statement which the government intends to offer in evidence at the trial by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged. If the defendant is a

corporation, partnership, association or labor union, the court grants the defendant discovery of relevant recorded testimony of any witness before a grand jury who (a) was, at the time of that testimony, so situated as an officer or employee as to have been able legally to bind the defendant in respect to conduct constituting the offense, or (b) was, at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as an officer or employee as to have been able legally to bind the defendant in respect to that alleged conduct in which the witness was involved.

(2)  Such copy of the defendant's prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

(3)  Books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

(4)  Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by

the government as evidence in chief at the trial.

(5) Written summary of testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief, as required by Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure.

(6) Any statements of a witness that is in the possession of the government and which relates to the subject matter of the witness's testimony, pursuant to Fed. R. Crim. P. 26.2(a) and Title 18, United States Code, Section 3500.

**IT IS FURTHER ORDERED** that the United States provide to the Defendant any evidence of an exculpatory nature, as defined in Brady v. Maryland, 373 U.S. 83 (1973), and those cases interpreting that opinion.

**IT IS FURTHER ORDERED** that in the absence of good cause shown, the United States must notify the defendant of its intent to present 404(b) evidence (prior bad acts) at least 7 days before trial.

**IT IS FURTHER ORDERED** that the defendant permit the attorney for the United States to inspect, copy and/or photograph:

(1) any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

(2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession, or control of the defendant, and which the defendant intends

to introduce as evidence in chief at the trial or which was prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

(3) Written summary of testimony that the defendant intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief, as required by Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure.

(4) Any statements of a witness that is in the possession of the defendant and which relates to the subject matter of the witness's testimony, pursuant to Fed. R. Crim. P. 26.2(a).

**IT IS FURTHER ORDERED** that the accused disclose whether he intends to introduce evidence to establish an alibi, and if so, that within the time limits set forth in Fed. R. Crim. P. 12.1(a), the defendant state the specific place or places at which he claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi. If the defendant makes disclosure under this paragraph, then the government must make disclosure of its witnesses under Fed. R. Crim. P. 12(b).

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Crim. P. 12.2, that, if the defendant intends to rely upon a defense of insanity or to introduce expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing upon the issue of guilt, the defendant shall notify the government in writing of such intention and file a copy of such notice with the clerk.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Crim. P. 12.3, that, if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement of Federal intelligence agency at the time of the alleged offense, the defendant shall

serve upon the attorney for the Government a written notice of such intention, and that the parties otherwise comply with Fed. R. Crim. P. 12.3.

**IT IS FURTHER ORDERED** that the parties provide the above-ordered discovery and inspection not later than 14 days before trial at the office of the United States Attorney, unless otherwise provided for in this Order.

**IT IS FURTHER ORDERED** that the parties may use the above-ordered discovery solely to the extent authorized and required by the Court's Order entered in response to the United States' Motion for Voluntary Disclosure of Grand Jury and Other Materials.

**IT IS FURTHER ORDERED** that if, prior to or during trial, a party discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under the Rules of Criminal Procedure, such party shall promptly notify the other party, or that other party's attorney, or the court of the existence of the additional evidence or material.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall certify copies of this order to each attorney who becomes counsel in this case at any time and to any party acting pro se. However, if an Indictment in this case is under seal, the Clerk should delay sending a copy of this Order to defense counsel until the unsealing of the Indictment.

ENTERED this 12th day of July 2019.

_____
UNITED STATES ~~DISTRICT~~ magistrate JUDGE

SEEN AND AGREED:

_____
Rachel B. Swartz
Assistant United States Attorney


_____
Counsel for Defendant

6