**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 4:18cr00033** |
| | : | |
| **CARL RAY KENNEDY** | : | |

## SENTENCING MEMORANDUM

COMES NOW the United States of America, by counsel, having considered the

sentencing factors set forth in 18 U.S.C. §3553(a), and recommends that Mr. Kennedy be

sentenced to a total term of incarceration of 60 months, the statutory maximum, to run

consecutive to any state terms of incarceration.

## DISCUSSION

District courts generally must perform the following four steps in sentencing defendants:

(1) properly calculate the sentencing range recommended by the advisory Guidelines; (2)

determine whether a sentence within that range and within statutory limits serves the factors set

forth in § 3553(a) and if it does not, select a sentence that does serve those factors; (3) implement

any applicable mandatory statutory limitations; and (4) articulate on the record the reasons for

selecting the particular sentence and especially, if applicable, explain why a sentence outside of

the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in

§ 3553(a) than one within it.  *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); *United

States v. Booker*, 543 U.S. 220, 260-65 (2005); 18 U.S.C. § 3553(a).

I.   The Defendant's Advisory Sentencing Guidelines Range

The Presentence Report was prepared on December 2, 2019.    The government filed

limited objections to the report arguing that additional conditions of supervised release are

1

necessary.  The government agrees that the Guidelines are properly calculated at 151-188 months, based on a total offense level of 31 and a criminal history category of IV.  However, there is a statutorily required maximum sentence of 60 months.  18 U.S.C. § 2262(a)(1), (b)(5). Therefore, the applicable Guideline range is 60 months.

II.  <u>A Guidelines Sentence of the Statutory Maximum Satisfies the Section 3553(a) Factors</u>

Section 3553 of Title 18 provides that "the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  18 U.S.C. § 3553(a). Specifically, when fashioning a sentence, the Court must consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the goal of the Court to impose a sentence that:

(A) reflects the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) affords adequate deterrence to criminal conduct;

(C) protects the public from further crimes of the defendant; and

(D) provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4) the Guidelines and Guideline range;

(5) any pertinent policy statements;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a)(1)-(7); *Green*, 436 F.3d at 455-56.  For the reasons stated below, the Section 3553(a) factors warrant the maximum available sentence of 60 months.

      A.  <u>The Nature and Circumstances of the Offense</u>

On June 3, 2018, Mr. Kennedy, a registered sex offender with a history of domestic violence and protective order offenses traveled from North Carolina to Danville, Virginia to find K.W., the mother of his child.  This travel and intent to contact K.W. was in violation of a Family Abuse Protective Order and 18 U.S.C. § 2262.  On September 17, 2019, Mr. Kennedy pled guilty to interstate violation of a protection order.  Mr. Kennedy not only admitted to committing the crime for which he is now to be sentenced, but his conduct during the commission of that crime was violent and egregious—Kennedy violated a valid protective order by *threatening and physically assaulting K.W.* and *kidnapping* his infant daughter.

On June 3, 2018, Mr. Kennedy traveled from North Carolina to Danville, Virginia to meet with K.W. despite a court order prohibiting Kennedy from virtually any contact with K.W. Kennedy first confronted K.W. when she arrived for an NA meeting.  K.W. told Kennedy to leave but he confronted her again upon her exit from the meeting.  Kennedy then followed K.W. in his car, calling K.W. on the phone.

K.W. eventually agreed to meet Kennedy and they each drove to a Kwik Shop in Danville.  Kennedy then got into K.W.'s car.  K.W. was in the front seat and their infant daughter was in the back seat.  Kennedy made sexual advances, threatened and physically assaulted K.W.  She reported that he punched her and in surveillance video from the Kwik Shop it appears that Kennedy tried to drag K.W. out of her car.  In a subsequent interview with law enforcement, Kennedy also admitted to brandishing a knife.

Kennedy then grabbed their infant daughter from the back seat of K.W.'s car.  He took

the baby into his own car and drove off with the infant on his lap in the front seat—putting his daughter in grave danger—and violating the court order by which Kennedy was to have no contact with the baby.  Kennedy and the infant were missing for the next two days, causing great distress to K.W. and her family.   Following an amber alert, Kennedy and the baby were finally located on June 5, 2018.  Kennedy had painted his vehicle black in order to evade law enforcement detection.

B. <u>The History and Characteristics of the Defendant</u>

Mr. Kennedy's history and characteristics certainly support a Guideline sentence of five years.  In fact, Mr. Kennedy's criminal history is extensive, placing him in criminal history category IV.  Mr. Kennedy's criminal history shows a pattern conduct similar to the violence he engaged in here, as well as narcotics distribution, painting a picture of man dangerous to his family and domestic partners.  And to this day, Kennedy continues to ignore court orders, contacting the victims in this case in violation of a protective order.

- In 2012, Kennedy was convicted of assault by strangulation—in violation of a protective order in place from Randolph County, North Carolina.  As part of the judgement Kennedy was ordered not to assault or have any contact with the victim.
- In 2013, Kennedy was again convicted of assault by strangulation and sexual battery for chocking and penetrating a female victim with his fingers.
- Kennedy has also pled guilty to state charges stemming from the incident at issue here.  On October 23, 2018, Kennedy was convicted of i) kidnapping of child by parent; ii) assault and battery of a family member; and iii) abuse/neglect of a child.  Kennedy received a total term of incarceration of 5 years and 12 months.
- Even after the incident at issue, and his sentencing in Danville Circuit Court, Kennedy has continued to violate a protective order that prohibits him from contacting K.W., or their daughter, the victim of his kidnapping.  Kennedy has been charged with violating this protective order on April 21, 2019, May 18, 2019 and May 19, 2019.  These charges remain pending.
- In August of 2011, Kennedy was charged with a violation of a domestic violence protective order and domestic criminal trespass in Randolph County, North Carolina.  On February 4, 2012, Kennedy was charged with domestic violence violation of a protective order in Bolivia, North Carolina as well as an assault on a female and communicating threats.  In June 2012, Kennedy was charged with

> assault on a female, domestic violence protective order violation and sexual
> battery in Bolivia, North Carolina.  While the charges listed in this paragraph
> were dismissed, this Court should note that charges in the domestic violence
> context are often dismissed because of the fear of the victim to go forward or
> testify.  This Court should therefore take these arrests into account in recognizing
> Kennedy's long history of violence towards domestic partners, the danger posed
> to his current victims and his high likelihood of recidivism.

Mr. Kennedy's history and characteristics suggest that he knows full well the harm

caused by domestic assault and in particular the violation of protective orders.  However, he has

continued in his criminal conduct, continuing to victimize even K.W. and their daughter.  In sum,

Mr. Kennedy has a long history of violence and presents an immediate danger towards his family

and domestic partners.  Yet time and again he has not been held accountable for his criminal

actions.  The application of the statutory maximum—well below what the Sentencing Guidelines

would otherwise call for in this case—is necessary to deter Mr. Kennedy and to protect his past,

current and future victims.

### C.   The Sentence Should Run Consecutive to Any other Sentence

The Government further submits that Mr. Kennedy's sentence should run fully

consecutive to the state sentence imposed in October, 2018.  The state charges are separate from

the conduct at issue here.  The elements of the state and federal charges are different—none of

the state charges take into account either Mr. Kennedy's flouting of a valid domestic protective

order or the interstate nature of his conduct.  And critically, the state charges center on a separate

victim, Mr. Kennedy's daughter.  Mr. Kennedy must also be held to account for his treatment of

K.W.  In addition, Mr. Kennedy's Guidelines are correctly calculated at 151-188 months, far

above the statutory maximum of 60 months the Government requests to be applied here.  For

these reasons, Mr. Kennedy should serve the full time imposed by each of the federal and state

sentences.

D.  The Remaining Factors

As for the remaining factors under Section 3553(a), the government submits that a Guidelines sentence (1) promotes respect for the law by imposing a substantial, but not unnecessarily lengthy, sentence on a dangerous offender; (2) imposes just punishment and deters Mr. Kennedy from recidivism; (3) provides general deterrence by reminding the public that offenders of this nature will receive serious sentences; and (4) protects the public by incapacitating Mr. Kennedy through incarceration for a substantial period of time.  A Guidelines sentence is likewise consistent with the kinds of sentences available, creates no disparity among similarly-situated defendants and comports with general sentencing policy.

## CONCLUSION

For the reasons stated above, the government recommends that the Court impose the statutory maximum sentence.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

Date: March 2, 2020

*/s/ Rachel Barish Swartz*
Rachel Barish Swartz
Assistant United States Attorney
New York State Bar No. 4667044
Western District of Virginia
P. O. Box 1709
Roanoke, VA 24008-1709
Tel: (540) 857-2250
Fax: (540) 857-2283
Email: rachel.swartz@usdoj.gov

6

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on Monday, March 02, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send a copy of said filing to counsel for the defendant.

/s/ Rachel Barish Swartz
Assistant United States Attorney